Harper, J.
The most important question in the case is, whether, under the Aet of Assembly of 1803, where land has been sold by the sheriff, but his office expires before title made, his successor may execute the conveyance. The terms of" the act are, “ that in all cases where any sheriff of this State shall have legally sold, or hereafter shall sell, any tract or tracts of land, and such sheriff is now dead, resigned, or removed from office, or hereafter shall die, resign, or be removed from office, before such sheriff shall have made and executed title therefor to the purchaser, it shall be lawful to and for the successor in office of such sheriff, upon the terms- of such sale *396 being complied with, to make and execute good and sufficient title to the purchaser for the land so sold.”
The question arises on the words, “ or be removed from office.” It is contended on the one hand, that these words onjy apply where the sheriff has been removed from office by conviction on impeachment; on the other, that they apply equally where the sheriff is removed by operation of law, at the expiration of his term of office. The former seems to be the more natural and obvious construction, but the words will admit of the latter, and from the whole character of the enactment, I am inclined to think jhe latter the true one. The principal reason is, that the necessity and propriety of the provision exist in the case of a sheriff’s going out of office by the expiration of his term, in as great a degree, and indeed in a much greater one, than where he is removed on impeachment or resigns. In the case of the death of the sheriff, there was an obvious necessity for this provision. Admitting that, as at common law, the sheriff, after going out of office, might go on to complete the official acts which he had begun, and that this applies in the case of land levied on, yet in the case of his death there was no one who could complete the conveyance. The land could not go to his executors. It was therefore necessary to provide some one to complete the transaction. But this does not apply in the case of his removal on impeachment or resignation. If there was any incapacity in the sheriff to convey when he was removed on impeachment, or at all events, when he had resigned, or any inconvenience in requiring or permitting him to do so, the same incapacity or inconvenience existed when he was out of office by the expiration of his term; and the necessity of legislative interference existed in a much greater degree, as it was a case of much more frequent occurrence. When the terms of the act may be made to embrace both the greater and the lesser evil, should we be justified in restricting it to the latter ?
As to the question arising out of the mis-recital in the sheriff’s deed, on which the decision of the presiding judge seems to have turned, I think it must be regarded as settled by the case of Harrison v. Maxwell, 2 N. & M’C. 347, and Holloway v. Birtwhistle, reported in a note to that case. In the first, the sheriff’s deed recited a Ji. fa. issued from Abbeville-district. Evidence was given of a fi. fa. from Laurens district, under which he had sold, which was objected to. The Court, after observing that recitals are convenient but not indispensable, adds, “The bare rocital in a deed is not a substantial or efficient part of it, nor is it evidence of the facts recited, except between the immediate parties to it.” (Philips on Evidence, 356.) After reference to the authorities, it is *397 said, “ It would appear from these authorities, that a recital in a deed might or might not be made at discretion, and consequently a mis-recital of that which is legally immaterial, is un. important. It is not the recital of a power and authority to sell and convey which gives the right, nor is it evidence of the right; it is sufficient that the right did exist, and that the seller acted upon it.” And in Holloway v. Birtwhistle, it is said to be sufficient to show that the sheriff was authorized to sell, and did sell.
The motion is granted,
Johnson & O’Neall, Js. concurred.